UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-01667-MCS-MAA                                  Date: March 22, 2021

Title: Gregory Chew v. Norwalk Court

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
N/A                                                               N/A

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust

## Background

On February 19, 2021, the Court received and filed Petitioner Gregory Chew's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.) The Petition alleges four grounds for federal habeas relief, and each ground contains several sub-claims, some of which are difficult to follow. (*Id.* at 5–10.)[1]

In Ground One, Petitioner claims as follows: "Brady violation judicial interference on judge denying my continue motion to get all the discovery." (*Id.* at 5 (grammatical errors in original).) He provides the following factual allegations: "Fact (1) witheld exclpatory evidence key in my case no DNA or GSR"; "Fact (2) Rule 32 I am denying the right to speak at sentence"; "Fact (3) Remove of all black jury"; "Fact (4) Standby counsel interfered with my defense to help please his friend the prosecutor"; "Fact (5) Peace officer false testified"; "Fact (6) Denying my pro-per fund to call witnesses and to have pencils and paper the judge and her clerk." (*Id.* (grammatical and spelling errors in original).)

In Ground Two, Petitioner claims as follows: "My standby counsel interfered with the key evidence in my case the drug sale murder tape of under age girl." (*Id.* at 7.) He provides the following factual allegations:

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                                    Date:  March 22, 2021

Title:    Gregory Chew v. Norwalk Court

> Prosecutor add bad act witnesses 1 hr before pick the jury prosecutor file a 402 motion 1 hr before pick the jury not allow me to cross-examination the witnesses about the murder of a drug deal that day for a million dollars in cash robbery gang my public-defense remove discovery evidence in my favorable the GSR and the DNA report show I did not have a gun the judge is asleep after trial my public defense failed to let me and the courts know she represented my brother she waited two months.

(*Id.* at 7 (grammatical errors in original).)

In Ground Three, Petitioner claims as follows:  "My appeal attorney failure to arguments the merit of the case."  (*Id.* at 8 (grammatical errors in original).)  He alleges the following facts in support of this claim:  "Fact (1) the judge [witnesses] violation of my 14 Amendment right to a fair trial"; "Fact (2) that the judge had acted like a prosecutor [rather] than as an independent arbiter [of] fact"; "Fact (3) withhold aids for my defense in pro per funds my appeal attorney had all this evidence in my case he choses to argue insufficient[.]"  (*Id.* (grammatical errors in original).)

In Ground Four, Petitioner claims, "Rule (32) impeachment evidence," and alleges that "before imposing sentence the court must address the defendant personally in order to permit the defendant to speak or present any information."  (*Id.* at 10.)

On February 26, 2021, the Court issued an Order identifying two procedural defects with the Petition:  (1) Petitioner failed to name the proper Respondent, as required for the Court's exercise of personal jurisdiction; and (2) it appeared that Petitioner had failed to exhaust his claims by raising them in the California Supreme Court ("February 26 Order").  (Feb. 26, 2021 Or., ECF No. 4.)  The Court ordered Petitioner to file a response addressing these issues by March 29, 2021.  (*Id.* at 3, 4–5.)

On March 8, 2021, the Court received and filed Petitioner's Reply to the Court's February 26 Order.  (Reply, ECF No. 5.)  In his Reply, Petitioner names W.L. Montgomery as the Warden of Calipatria State Prison.  (*Id.* at 1.)  He also states that he filed the Petition in federal court because his criminal appeal attorney did not advise him regarding what court to file in (*id.*), and he attaches excerpts from the state trial court transcripts that appear to be related to his habeas claims (*id.* at 2–34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                                      Date:  March 22, 2021

Title:    Gregory Chew v. Norwalk Court

**Discussion**

As an initial matter, Petitioner has now named the proper respondent in this action—the warden of the institution in which he is incarcerated.  (Reply 1.)  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Accordingly, the Clerk is hereby **DIRECTED** to amend the docket to reflect that W.L. Montgomery is the sole Respondent in this action.

However, Petitioner's Reply is not responsive on the question of whether Petitioner has adequately exhausted his state court remedies.  (*See* Reply.)  As the Court discussed in its February 26 Order, setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted because Petitioner has not yet presented the claims raised in the Petition to the California Supreme Court.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

In this case, Petitioner first raised the claims in the Petition during his state court habeas corpus proceedings.  (*See* Pet. 5–11.)  Petitioner attaches to the Petition a copy of the California Court of Appeal's July 30, 2020 decision dismissing Petitioner's notice of appeal of the Los Angeles Superior Court's denial of habeas corpus relief.  (*Id.* at 22–23.)  However, it appears that Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                                                        Date:  March 22, 2021

Title:       Gregory Chew v. Norwalk Court

has not yet sought review of these claims in the California Supreme Court.  Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  Because the Petition is wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

Out of consideration for Petitioner's *pro se* status, before the Court recommends dismissal of the action, the Court will afford Petitioner an additional opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust his claims in the California Supreme Court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **April 21, 2021**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Dismissal.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                                    Date:  March 22, 2021

Title:   Gregory Chew v. Norwalk Court

**Petitioner is expressly cautioned that failure to respond to this Order by April 21, 2021 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

* * *

It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))