UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                    Date:  September 13, 2021

Title:   Gregory Chew v. W.L Montgomery

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**       **Second Order to Show Cause re: Petitioner's Failure to File Status Report**

<u>**Background**</u>

On February 15, 2021, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  (Pet., ECF No. 1.)  Petitioner challenges a judgment of conviction in Los Angeles County Superior Court for attempted murder.  (*See id.* at 1.)[1]  The trial court sentenced him to twenty-five years to life in state prison.  (*See id.*)

The Petition alleges four grounds for federal habeas relief, and each ground contains several sub-claims, some of which are difficult to follow.  (*Id.* at 5–10.)  In Ground One, Petitioner claims as follows:  "Brady violation judicial interference on judge denying my continue motion to get all the discovery."  (*Id.* at 5 (grammatical errors in original).)  In Ground Two, Petitioner claims as follows: "My standby counsel interfered with the key evidence in my case the drug sale murder tape of under age girl."  (*Id.* at 7.)  In Ground Three, Petitioner claims as follows:  "My appeal attorney failure to arguments the merit of the case."  (*Id.* at 8 (grammatical errors in original).)  In Ground Four, Petitioner claims, "Rule (32) impeachment evidence," and alleges that "before imposing sentence the court must address the defendant personally in order to permit the defendant to speak or present any information."  (*Id.* at 10.)

On February 26, 2021, the Court issued an Order identifying two procedural defects with the Petition:  (1) Petitioner failed to name the proper Respondent, as required for the Court's exercise of

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                         Date:  September 13, 2021

Title:   Gregory Chew v. W.L Montgomery

personal jurisdiction; and (2) it appeared that Petitioner had failed to exhaust his claims by raising them in the California Supreme Court ("February 26 Order").  (Feb. 26, 2021 Or., ECF No. 4.)

On March 8, 2021, the Court received and filed Petitioner's Reply to the Court's February 26 Order.  (Reply, ECF No. 5.)  In his Reply, Petitioner named W.L. Montgomery as the Warden of Calipatria State Prison.  (*Id.* at 1.)  He also stated that he filed the Petition in federal court because his criminal appeal attorney did not advise him regarding what court to file in (*id.*), and he attached excerpts from the state trial court transcripts that appear to be related to his habeas claims (*id.* at 2–34).

On March 22, 2021, the Court ordered Petitioner to show cause why the Petition should not be dismissed as wholly unexhausted because he has not yet presented his claims to the California Supreme Court ("March 22 Order").  (Mar. 22, 2021 Or., ECF No. 6.)  The Court gave Petitioner the opportunity to request a stay or explain why his claims were exhausted.  (*See* March 22 Order.)  Petitioner elected to file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines* Stay Request").  (*Rhines* Stay Request, ECF No. 8.)

On March 30, 2021, the Court issued an Order granting Petitioner's *Rhines* Stay Request and ordering Petitioner to file a status report every 60 days, providing the Court with an update on the progress of his habeas proceedings in the California courts ("*Rhines* Stay Order").  (ECF No. 10.)

On June 22, 2021, in the absence of a status report from Petitioner, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to prosecute ("June 22 OSC"). (June 22, 2021 OSC, ECF No. 15.)

On August 27, 2021, the Court received and filed a document from Petitioner which the Court construes as Petitioner's Supplemental Brief.  (Supp. Br., ECF No. 16.)  In his Supplemental Brief, Petitioner cites to case law in support of his claims and attaches excerpts from the state court record.  (*Id.*)

**<u>Discussion</u>**

Petitioner's Supplemental Brief cannot be construed as the required *Rhines* stay status report because Petitioner does not provide the Court with an update on the progress of his state court habeas proceedings.  (*See* Supp. Br.)  However, Petitioner's filing of his Supplemental Brief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-01667-MCS-MAA                                Date:  September 13, 2021

Title:   Gregory Chew v. W.L Montgomery

indicates to the Court that Petitioner intends to prosecute this action.  Therefore, out of an abundance of caution and in consideration of Petitioner's pro se status, the Court will provide Petitioner with an additional opportunity to file the requisite status report.

        Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** by no later than **October 13, 2021** why the Court should not dismiss this action without prejudice for failure to prosecute and failure to comply with the Court's *Rhines* Stay Order.  Alternatively, Petitioner may discharge this Order to Show Cause by filing the requisite status report.

        **Petitioner's failure to timely comply with this Order to Show Cause will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to follow court orders.**

It is so ordered.